IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARRY L BEARDEN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No: |
| v. | ) |
| | ) |
| THE ALTAMONT SCHOOL, | ) 2:18-cv-01056-JEO |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

This action is brought to redress discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C § 1983, and the Fourteenth Amendment to the Constitution of the United States.

### II. JURISDICTION

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§1331, 1343 (4) and 28 U.S.C. §§ 2201 and 2202.

### III. PARTIES

2. Plaintiff, Barry L. Bearden [hereinafter "Bearden" or "Plaintiff"], has fulfilled all conditions precedent to the institution of this action under Title VI of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C § 2000e et seq. Plaintiff Bearden timely filed this action within the four-year statutes of limitations set forth for racial discrimination claims brought under 42 U.S.C. § 1983 [*Baker v. Birmingham Bd of Educ.,531* F. 3d 1336 (11th Cir. 2008)]and within ninety (90) days of the receipt of his notice of right to sue pursuant to Title VII.

3. Defendant, The Altamont School [hereinafter "Altamont" or Defendant], is an entity subject to suit under Title VII. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act 1964," as amended, 42 U.S.C § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1983. The Defendant employs at least fifteen (15) persons.

### IV. STATEMENT OF FACTS

4. The Defendant, Altamont, hired the Plaintiff, as a Teacher/Coach in August 2004. Bearden later was promoted to the School Athletic Director, in addition to maintaining his position as a

Teacher/Coach. On April 25, 2016 Bearden was terminated from being the school's Athletic Director.

5. The athletic director reports directly to the head of school and serves as an educational administrator and teacher/coach at the school. The athletic director develops and supervises the athletic administration and competitive sports programs at the school. The athletic director is primarily responsible for the following:

- Develop, organize, supervise, and evaluate a developmentally appropriate program of inter-mural athletics for the entire school.
- Provide safety instruction to students and establish standards of student behavior to provide productive environment athletic teams and to ensure the optimal condition and safety of all athletic equipment, facilities, fields, and courts.
- Cultivate in each student an understanding of and commitment to exercise and physical conditioning and to the responsibilities of a team member.
- Identify and develop the talents of students in individual, dual, and team physical activities and sports.
- Communicate any concerns with conduct of athletes with parents and appropriate school administration.
- Ensure that all coaching positions are filled with competent and properly trained coaches.
- Ensure that all coaches perform their duties with the highest level of professionalism.
- Collaborate with the head of school and administrative team to recruit, evaluate, and hire faculty to the athletic department.
- Organize and coordinate the school's competitive athletic programs.
- Report athletic achievements to the appropriate school administrator so that these accomplishments can be shared with the school community and with the community at large.
- Prepare and implement an annual departmental budget.
- Schedule all athletic events, arrange for transportation, hire all game officials, and attend or enlist a school representative to attend all home games and select away athletic events.
- Represent the school at state (AHSAA) and regional (SAIS) athletic associations.
- Serve as the liaison with the AHSAA and manage CT2 program.
- Ensure that coaches files are current and in compliance with AHSAA requirements and that proper documents are on file.
- Maintain records of team and individual athletic accomplishments.
- Oversee the distribution, collection, storage, cleaning, and repair of all school athletic uniforms.
- Participate in committee, department, and admin meetings as well as in school-sponsored events that would benefit from area of expertise.

- Be involved in the school community at large.
- Assume responsibility for other projects as assigned by the head of school.

6. On April 25, 2016, Bearden was informed that he was being removed from the School Athletic Director's Position because the School Board could not raise money for the school while he was in the position.

7. Bearden was replaced by a white male, Sean Gibson, who was removed from a position by the Defendant for unprofessional and unethical behavior.

## V. CAUSE OF ACTION

### A. TITLE VII- RACE DISCRIMINATION

8. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 7 above with the same force and effect as full set out in specific detail herein below.

9. Plaintiff has been discriminated against because of his race., African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the Defendant affected the terms and condition and enjoyment of Plaintiff's employment.

10. The motivating factor for Defendant's actions regarding Plaintiff as alleged in paragraph 1 through 7, herein, was intentional discrimination on the basis of race.

11. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

12. The unlawful intentional actions of the Defendant as alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

13. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practice as set forth herein unless said behavior is enjoined by this Court.

### B. DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 above with the same force and effect as full set out in specific detail herein below.

15. This claim is being brought against the Defendant because it intentionally and unlawfully discriminated against the Plaintiff on the basis of his race [African-American] in violation of the Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C.§ 1983.

16. Specifically, the Defendant subjected the Plaintiff to race discrimination when it removed him while hiring and retaining a similarly situated white employee.

17. The Defendant engaged in the practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights. Plaintiff was subjected to unequal treatment regarding his employment because of race.

## VI. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendants violated the rights of the Plaintiff as secured by Title VII, § 1983, and Fourteenth Amendment;

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate Title VII, § 1983, and the Fourteenth Amendment;

3. Require the Defendant to make the Plaintiff whole by awarding him back pay and benefits (plus interest), reinstatement with fully restored duties as Athletic Director (or front pay in lieu thereof), compensatory and punitive damages (or nominal damages in lieu thereof); and

4. Award such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, reasonable attorney's fees and expenses.

Respectfully submitted,

Barry Bearden, *Pro Se*
821 13th Street Southwest
Birmingham, Alabama 35206
205-427-7265 Cell