FILED
2018 Oct-09 PM 05:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BARRY L. BEARDEN,** ] | |
| ] | |
| **Plaintiff** ] | **CIVIL ACTION NO.:** |
| ] | |
| v. ] | **2:18-CV-01056-JEO** |
| ] | |
| **THE ALTAMONT SCHOOOL,** ] | |
| ] | |
| **Defendant.** ] | |

## AMENDED COMPLAINT

**I.  INTRODUCTION**

This action is brought to redress race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981 and 1981a.

**II.  JURISDICTION**

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.  This suit is authorized and instituted pursuant to the Act of Congress known as "Title VII of The Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 and "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and

1981a.  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. § 1981, and 1981a providing for injunctive and other relief against racial discrimination.

### III. <u>PARTIES</u>

2. Plaintiff, Barry L. Bearden (hereinafter "Bearden" or "Plaintiff"), has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.  Plaintiff Bearden timely filed this action within 28 U.S.C. § 1658's four-year statute of limitations which is applicable to Plaintiff's claims under 42 U.S.C. § 1981 and within ninety (90) days of the receipt of his Dismissal and Notice of Rights.

3. Defendant, The Altamont School (hereinafter "Altamont" or "Defendant"), is based in Birmingham, Alabama and is a private educational institution.  Defendant is an entity subject to suit under Title VII.  Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1981(a).  The Defendant employs at least fifteen (15) persons at its facility.

## IV.     STATEMENT OF FACTS

4.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-3 above with the same force and effect as if fully set out in specific detail hereinbelow.

5.     The Defendant, Altamont, hired the Plaintiff, as a Teacher/Coach in August 2004. Bearden later was promoted to the School Athletic Director, in addition to maintaining his position as a Teacher/Coach. On April 25, 2016 Bearden was terminated from being the school's Athletic Director.

6.     The athletic director reports directly to the head of school and serves as an educational administrator and teacher/coach at the school.  The athletic director develops and supervises the athletic administration and competitive sports programs at the school.  The athletic director is primarily responsible for the following:

- Develop, organize, supervise, and evaluate a developmentally appropriate program of inter-mural athletics for the entire school.
- Provide safety instruction to students and establish standards of student behavior to provide productive environment athletic teams and to ensure the optimal condition and safety of all athletic equipment, facilities, fields, and courts.
- Cultivate in each student an understanding of and commitment to exercise and physical conditioning and to the responsibilities of a team member.
- Identify and develop the talents of students in individual, dual, and team physical activities and sports.
- Communicate any concerns with conduct of athletes with parents and appropriate school administration.
- Ensure that all coaching positions are filled with competent and properly trained coaches.

- Ensure that all coaches perform their duties with the highest level of professionalism.
- Collaborate with the head of school and administrative team to recruit, evaluate, and hire faculty to the athletic department.
- Organize and coordinate the school's competitive athletic programs.
- Report athletic achievements to the appropriate school administrator so that these accomplishments can be shared with the school community and with the community at large.
- Prepare and implement an annual departmental budget.
- Schedule all athletic events, arrange for transportation, hire all game officials, and attend or enlist a school representative to attend all home games and select away athletic events.
- Represent the school at state (AHSAA) and regional (SAIS) athletic associations.
- Serve as the liaison with the AHSAA and manage CT2 program.
- Ensure that coaches files are current and in compliance with AHSAA requirements and that proper documents are on file.
- Maintain records of team and individual athletic accomplishments.
- Oversee the distribution, collection, storage, cleaning, and repair of all school athletic uniforms.
- Participate in committee, department, and admin meetings as well as in school-sponsored events that would benefit from area of expertise.
- Be involved in the school community at large.
- Assume responsibility for other projects as assigned by the head of school.

7. On April 25, 2016, Bearden was informed that he was being removed from the School Athletic Director's Position because the School Board could not raise money for the school while he was in the position.

8. Bearden was replaced by a white male, Sean Gibson, who was removed from a position by the Defendant for unprofessional and unethical behavior.

## V. CAUSES OF ACTION

### A. COUNT ONE

### RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII and 42 U.S.C. SECTION 1981

9. The Plaintiff re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail hereinbelow.

10. Plaintiff has been discriminated against and treated differently than similarly situated white employees solely because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981. This treatment by the Defendant has affected the terms and conditions of plaintiffs' employment.

11. This reckless and willful discrimination on the part of the Defendant constitutes a violation of the plaintiffs' statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

12. The actions of the Defendant were done with malice and/or reckless disregard for the federally protected rights of the Plaintiff.

13. As a result of the Defendant's actions, Bearden has suffered and

continues to suffer severe economic harm, emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

14. Bearden has no plain, adequate, or complete remedy at law to redress the wrong alleged herein and this suit, seeking injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

15. Bearden is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981;

2. Grant the Plaintiff a permanent injunction enjoining the Defendant its agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII and

42 U.S.C. § 1981;

3. Issue an injunction ordering this Defendant not to engage in race discrimination and order the Defendant to establish effective written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), and by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages;

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY
FOR ALL ISSUES TRIABLE BY JURY**

/s/Jameria Moore
Jameria Moore (ASB-4311-A63M)
Attorney for Plaintiff

OF COUNSEL
Sperling & Moore, PC
2008 Twenty-First Street Ensley
Birmingham, Alabama 35218
jjm@sperlingandmoore.com
Telephone: (205) 868-3016
Facsimile:  (205) 868-3017

7

## *CERTIFICATE OF SERVICE*

I hereby certify that on October 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Anne R. Yuengert
> V. Blair Druhan Bullock

> /s/Jameria Johnson Moore
> Jameria Johnson Moore