# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BARRY L. BEARDEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:18-CV-1056-KOB |
| | ) |
| **THE ALTAMONT SCHOOL,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on "Defendant's Motion to Strike Jury Demand." (Doc. 16). Plaintiff Barry Bearden filed this lawsuit against Defendant The Altamont School in this court on July 9, 2018. (Doc. 1). Mr. Bearden's complaint did not demand a jury. Altamont filed an answer to the complaint and a motion to dismiss Mr. Bearden's original complaint on September 21, 2018. (Docs. 3–4).

Mr. Bearden filed an amended complaint on October 9, 2018, this time demanding a jury. (Doc. 11 at 7). On October 23, 2018, Altamont filed its answer to Mr. Bearden's amended complaint and filed a motion to strike Mr. Bearden's jury demand as untimely. (Docs. 15–16). Before reassignment to the undersigned, Magistrate Judge Ott ordered Mr. Bearden to file any opposition to Altamont's motion to strike the jury demand by November 13, 2018. (Doc. 17). Mr. Bearden did not respond to Altamont's motion by the deadline and has still not responded. For the reasons stated below, this court GRANTS Altamont's motion to strike Mr. Bearden's jury demand and STRIKES Mr. Bearden's jury demand.

Defendant Altamont's sole argument for striking Mr. Bearden's jury demand is that the demand is untimely. Federal Rule of Civil Procedure 38(b) requires that the party demanding a

jury must make the demand no later than 14 days after the last pleading directed to the issue. And an "amended complaint [can]not revive any waived right to a jury trial [if it does] not raise any new issues which carry a Seventh Amendment right to jury trial." *Burns v. Lawther*, 53 F.3d 1237, 1240 n. 5 (11th Cir. 1995). Raising "new issues" requires introducing "new issues of fact and not new theories of recovery." *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1404 (11th Cir. 2009).

While Mr. Bearden's amended complaint demands a jury, this demand came more than 14 days after Altamont's answer to Mr. Bearden's original complaint. Once those 14 days expired, Mr. Bearden waived his Seventh Amendment right to a jury trial on the issues raised in his original complaint and addressed in Altamont's original answer. *See Burns*, 53 F.3d at 1240 n. 5. As Altamont's motion points out, Mr. Bearden's amended complaint does not allege any new facts. (*See* Doc. 16 at 3). The only substantive difference between Mr. Bearden's original and amended complaints is that Mr. Bearden replaced his original Fourteenth Amendment and § 1983 claim with a § 1981 claim. (*Compare* Doc. 1 at ¶¶ 14–17 *with* Doc. 11 at ¶¶ 9–15). Mr. Bearden appears to have substituted the claims because he could not establish that Altamont, a private school, was "acting under color of state law." (*See generally* Doc. 3). Such a substitution constitutes a new theory of recovery but does not present any new issues of fact.

Thus, the court GRANTS Defendant Altamont's motion to strike Plaintiff Mr. Bearden's jury demand and STRIKES Plaintiff Mr. Bearden's jury demand.

**DONE** and **ORDERED** this 11th day of December, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE